UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

              - against -                    **MEMORANDUM & ORDER**
                                                        19-CR-37 (PKC)

MITCHELL PRINGLE,

              Defendant.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

       Before the Court is Defendant Mitchell Pringle's *pro se* request for a reduction in his sentence of 11 months' incarceration, imposed on September 23, 2019, based on his violation of supervised release. (Dkt. 18.) For the reasons discussed below, Defendant's motion is denied.

## STANDARD

       If the district court finds that a defendant has violated the terms of his supervised release, the court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release," up to the applicable maximum term of incarceration. 18 U.S.C. § 3583(e)(3). Generally, a district court faced with a violation of supervised release "has broad discretion to revoke its previous sentence and impose a term of imprisonment," *United States v. Wirth,* 250 F.3d 165, 169 (2d Cir. 2001) (per curiam), and is not bound by any particular Guideline, but advised to consider policy statements contained in the Guideline Manual, *United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir. 1996). *See also United States v. Nicholson*, ___ F. App'x ___, 2019 WL 6271530, at *1–2 (2d Cir. Nov. 25, 2019) (summary order); *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) ("District judges are given considerable discretion in fashioning the proper sentence for criminal defendants . . . [which] extends to sentences imposed for violations of supervised release."). A sentence imposed following a violation of supervised

release is considered a final sentence. *See, e.g.*, *United States v. Costas*, 205 F.3d 1325 (Table) (2d Cir. 2000) (affirming revocation of supervised release and imposing a 30-month sentence where defendant ceased reporting to parole and failed several drug tests and the sentence was within the statutory maximum).

## DISCUSSION

Because a sentence imposed following a violation of supervised release is considered a final sentence, the Court construes Defendant's *pro se* request as a motion for modification of a sentence filed under 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) provides that:

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions . . . ), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Here, the Court does not find that Defendant has alleged compelling reasons to warrant a modification of the imposed term of imprisonment. In substance, Defendant argues that his incarceration is interfering with his ability to see and care for his family. (Dkt. 18 at 2.) However, this is neither an extraordinary nor compelling circumstance that warrants a modification or reduction in a defendant's sentence under Section 3582(c). *See United States v. Lippold*, 175 F.

---

[1] The Court also notes that Defendant's request must be denied for failure to exhaust his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (defendants may move for a reduction in sentence, so long as they meet the conditions specified in the Act, which includes 30 days having elapsed since the warden of the defendant's facility received the defendant's early release request); *see also United States v. Rivernider*, No. 19-CR-222 (RNC), 2019 WL 3816671, at *1 (D. Conn. Aug. 14, 2019); *United States v. Beck*, No. 13-CR-186-6, 2019 WL 2716505 at *5 (M.D.N.C. Jun. 28, 2019).

Supp. 2d 537, 540 (S.D.N.Y. 2001) (explaining that "incarceration regrettably inflicts family hardship on many, if not most, defendants who appear before this Court").

Moreover, Defendant's claim that he believed that by pleading guilty to only one of the three violations charged against him, his sentencing exposure would "drop from the 8-14 months" calculated under the Sentencing Guidelines is belied by the record. (*See* Dkt. 18 at 1.) At the time Defendant pled guilty to the violation of supervised release, the Court explicitly informed him that, as a consequence of his guilty plea, he could be sentenced to a term of imprisonment of up to two years, that the Court was not bound by the Sentencing Guidelines range of 8 to 14 months, that his sentence could be higher or lower than that range, and that Defendant was "basically stuck" with the plea even if unhappy about the sentence imposed by the Court. Defendant affirmed his understanding as to each of these issues on the record.

## CONCLUSION

The Court denies Defendant's request to modify or reduce the 11-month sentence imposed for his violation of supervised release.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 6, 2019
 Brooklyn, New York